UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Terri L. W.,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:23-cv-1210

Judge Michael H. Watson

Magistrate Judge Litkovitz

## OPINION AND ORDER

Terri L. W. ("Plaintiff") objects to the Report and Recommendation ("R&R") that Magistrate Judge Litkovitz issued, ECF No. 14, which recommended that the Court overrule Plaintiff's statement of specific errors and affirm the decision of the Commissioner of Social Security. Obj., ECF No. 15. For the following reasons, Plaintiff's objections are **OVERRULED**.

### I.    PROCEDURAL HISTORY

Plaintiff applied for disability insurance benefits and supplemental security income in January 2021, alleging a disability onset date of June 30, 2013. Tr. 378–91, ECF No. 7-5 at PAGEID #405–18. The claim was denied both initially and upon reconsideration. Tr. 139–84, ECF No. 7-3 at PAGEID # 164–209. An administrative law judge ("ALJ") later held a hearing. Tr. 84–138, ECF No. 7-2 at PAGEID # 108–62. After the hearing, Plaintiff submitted a post-hearing brief (the "Brief") and supporting evidence (the "Evidence") objecting to the vocational

expert's ("VE") testimony. Tr. 567–887, ECF No. 7-6, PAGEID # 596–916. The ALJ overruled that objection and issued a decision finding that Plaintiff was not disabled. Tr. 13–71, ECF No. 7-2 at PAGEID # 37–95. The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner of Social Security. Tr. 1–7, ECF No. 7-2 at PAGEID # 25–31.

Plaintiff then appealed to this Court. Mot., ECF No. 1. In her statement of specific errors, Plaintiff argued that the ALJ erred in overruling her post-hearing objection and failed to resolve the inconsistencies between the VE's testimony and the Evidence. St., ECF No. 12. The magistrate judge concluded that Plaintiff had waived her argument about the VE's testimony by raising it for the first time in a post-hearing brief (as opposed to objecting at the hearing) and, in the alternative, that the argument failed on the merits. R&R, ECF No. 14. Thus, Magistrate Judge Litkovitz recommended the Court affirm the Commissioner's decision. R&R, ECF No. 14. Plaintiff objects to that R&R. Obj., ECF No. 15.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews de novo those portions of the R&R that Plaintiff properly objected to. The Court may accept, reject, or modify the R&R, receive further evidence, or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

### III. ANALYSIS

Plaintiff argues that the ALJ erred in overruling the post-hearing objection and by failing to resolve inconsistencies between the VE's testimony and Plaintiff's evidence. Obj., ECF No. 15. Plaintiff also argues that she did not waive the issue. *Id.*

Working backwards, the Court first considers waiver. As thoroughly outlined in the R&R, courts in this circuit are split on whether an objection to a VE's testimony raised in a post-hearing brief (but not at the hearing) is waived. R&R 12–16, ECF No. 14. Like the magistrate judge, the Court agrees with the decisions finding such objections waived. *See, e.g., Robberts v. Comm'r of Soc. Sec.*, No. 2:18-CV-00541, 2019 WL 4023549, at *8 (S.D. Ohio Aug. 26, 2019) ("The Sixth Circuit, along with other courts across the county, have generally recognized that a claimant's failure to object to testimony offered by a vocational expert, at the time of the administrative proceeding, waives the claimant's right to raise such issues in the district court." (quotation marks and citation omitted)); *Turner v. Comm'r of Soc. Sec.*, No. 2:19-CV-900, 2019 WL 5781608, at *7 (S.D. Ohio Nov. 5, 2019), *report and recommendation adopted*, No. 2:19-CV-900, 2020 WL 132269 (S.D. Ohio Jan. 13, 2020) ("The fact that Plaintiff raised his objections to the VE's testimony in a post-hearing letter to the ALJ does not resolve his error in failing to raise the issue at the administrative hearing." (citing cases)).

Plaintiff disagrees, arguing that she could not have raised her objections at the hearing. Obj., ECF No. 15. Plaintiff asserts that her objections respond to the VE's answers to hypothetical question and that she could not adequately make such a response without conducting research. *Id*. Thus, Plaintiff argues, because she did not know what the VE would say until the hearing, she could not conduct the necessary research to challenge those answers at the hearing. *Id*. According to Plaintiff, then, she made her objections at the earliest possible time and, as a result, did not waive the objections. *Id*.

Unfortunately for Plaintiff, this Court has already rejected almost identical arguments. *See Turner*, 2020 WL 132269, at *5 (rejecting the plaintiff's argument "that it would be unreasonable to expect counsel to be prepared to question the VE at the hearing . . . in light of the amount of information contained in the DOT, a lengthy manual with fine print."). Thus, Plaintiff's argument is unavailing.

To the extent that Plaintiff argues that her pre-hearing letter saves her from waiver, she is mistaken. Before the hearing, Plaintiff told the ALJ via a letter that she anticipated needing a post-hearing opportunity to challenge the VE's testimony and requested ten days after the hearing in which to do so. Tr. 454, ECF No. 7-6 at PAGEID # 483. Even assuming such a request—if granted— could solve Plaintiff's waiver problem, here, Plaintiff did not submit her post-hearing brief until *twenty* days after the hearing. See Tr. 17, ECF No. 7-2 at PAGEID # 41. In other words, because Plaintiff did not submit the post-hearing

brief in the allotted time (and did not ask for extensions of time), Plaintiff lost whatever "preservation value" the pre-hearing request might have had.

At bottom, Plaintiff waived her objection to the VE's testimony by not raising it earlier.

Even if Plaintiff had not waived her objections, they would fail on the merits. Plaintiff argues that the ALJ failed to appreciate and address the "inconsistencies" between the VE's testimony and the evidence Plaintiff presented with her post-hearing brief (the "Evidence"). Obj., ECF No. 15.

"Under Social Security Ruling 00-4p, an ALJ has an affirmative duty to inquire as to whether a vocational expert's evidence conflicts with the information provided in the [Dictionary of Occupational Titles ("DOT")], and to resolve any 'apparent conflicts.'" *Staymate v. Comm'r of Soc. Sec.*, 681 F. App'x 462, 468 (6th Cir. 2017) (citation omitted). Generally, an ALJ may satisfy that duty by asking "the vocational expert if there is a conflict." *Id.* (citation omitted). When a claimant tries to demonstrate a conflict through a post-hearing brief, unless a post-hearing brief points to a "direct conflict" between the VE's testimony and the DOT, "there is no heightened standard of articulation for an ALJ to meet when considering post-hearing criticisms/concerns about the VE's testimony." *Murnahan v. Comm'r of Soc. Sec.*, No. 3:19-CV-01348, 2020 WL 7024847, at *6 (N.D. Ohio Nov. 30, 2020). Without such "direct evidence, the ALJ must "consider the written post-hearing submission, but nothing more[.]" *Id.* (citation omitted).

Here, the ALJ asked the VE: "To the extent any of these questions were beyond the Dictionary of Occupational Titles . . . what would you have relied on?" Tr. 117, ECF No. 7-2 at PAGEID # 141. Such a question satisfies the ALJ's duty under SSR 00-4p. *Cf. Aalijah W. v. Comm'r of Soc. Sec.*, No. 2:23-CV-1955, 2024 WL 1714484, at *11 (S.D. Ohio Apr. 22, 2024), *report and recommendation adopted*, No. 2:23-CV-1955, 2024 WL 2315290 (S.D. Ohio May 22, 2024) ("ALJ Cromer later asked VE Robinson what she relied upon for any answers that required information beyond the DOT or SCO, and VE Robinson stated she relied on her education and experience. . . . Finally, ALJ Cromer confirmed that VE Robinson's job numbers were based on the BLS . . . . The Court finds that these questions satisfied ALJ Cromer's duty to inquire as set forth in SSR 00-4p." (cleaned up)).

Thus, the question is whether the post-hearing objection raised a "direct conflict" with the DOT. It did not.

First, at best, the Brief and Evidence show that the VE's testimony conflicted with sources *other than* the DOT. Tr. 567–68, ECF No. 7-6 at PAGEID # 596–97. That is, Plaintiff argues that the VE's testimony was inconsistent with information from O*NET, Occu Collect, and the Bureau of Labor Statistics but does not argue that the VE's testimony was inconstant with the DOT itself. *Id.* Thus, even if the Brief presented a conflict between the VE's testimony and those other sources, it does not show a conflict with the DOT.

Further, much of the Evidence consists of only hundreds of pages without explaining which specific parts of those pages are relevant or show an inconsistency. See Tr. 567–887, ECF No. 7-6, PAGEID # 596–916. The ALJ was not required to sift through these pages in search of data that supported Plaintiff's position. The only other evidence is a table (and related survey) that purports to show that there were fewer jobs available for someone with Plaintiff's RFC than the VE opined. Id. Again, however, even if this table and survey showed that the VE's testimony conflicted with the table and survey, they do not show that the VE's testimony conflicted with the DOT.

In other words, Plaintiff's post-hearing objection did not demonstrate that the VE's testimony was inconsistent with the DOT. As a result, the ALJ was required only to "consider" the objection, which the ALJ did in detail. See Murnahan, 2020 WL 7024847, at *6; see also Tr. 59–62, ECF No. 7-2 at PAGEID # 83–86. Therefore, the ALJ did not err in her treatment of the VE's testimony and Plaintiff's post-hearing objection. Moreover, because Plaintiff did not show a direct conflict between the VE's testimony and the DOT, the ALJ did not need to hold a supplemental hearing to resolve the non-existent conflict.

In sum, Plaintiff's objection lacks merit.[1]

---

[1] Plaintiff does not object to the Magistrate Judge's overall conclusion that the ALJ's step five determination was supported by substantial evidence. Obj, ECF No. 15. Accordingly, the Court **ADOPTS** that portion of the R&R without further review.

## IV. CONCLUSION

For these reasons, Plaintiff's objections are **OVERRULED**, the R&R is **ADOPTED**, and the Commissioner's decision is **AFFIRMED**. The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**